EXHIBIT "B"

ORDERED.

Dated: May 12, 2017

Jerry A. Funk
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO: 3:13-bk-07570-JAF
Chapter 12

IN RE:

LILIA BELKOVA
    Debtor(s)

ORDER CONFIRMING CHAPTER 12 PLAN
ALLOWING CLAIMS AND DIRECTING DISTRIBUTION

It having been determined after hearing on April 11, 2017 that the Plan complies with the provisions of 11 U.S.C. §1225,

Accordingly:

**IT IS ORDERED** that:

1. The Plan as amended dated, April 10, 2017 is confirmed as set forth herein. If there is a discrepancy between the provisions of the Plan and this Order, the provisions of this Order supersede the Plan.

2. The balance of the interim funds shall be applied to the Confirmed Plan payments.

LILIA BELKOVA                                              CASE NO: 3:13-bk-07570-JAF

    3. Thirty-six (36) monthly plan payments of varying amounts shall commence on May 11, 2017. The Debtor will pay Douglas W. Neway, Chapter 12 Trustee by certified funds, the following amounts:

Months 1, 13, and 25 - $9,361.85

Months 2 through 12, 14 through 24, and 26 through 36 - $3,259.03

All payments should be mailed to Douglas W. Neway, Chapter 12 Trustee, at **P.O. Box 4308, Jacksonville, Florida 32201-4308.**

    4. Notwithstanding and in addition to payments set out in 3 above, the Debtor shall fund this Plan for 36 months, beginning on the date that the first payment is due under the Plan, using all disposable income to be paid to unsecured creditors, or when all claims are paid in full, whichever occurs first.

    5. The Trustee shall pay all allowed claims provided for in the Plan for which proofs of claim have been filed. Distributions shall commence and be made by the Trustee on a monthly basis following this Confirmation Order on secured and priority claims only. Distributions shall not commence to the allowed general unsecured claimants, if any, until after the claims bar date.

    6. The Trustee shall make full disbursements in the following order:

        a.    Trustee percentage fee of 5% and any costs as the Court may from time to time approve.

        b.    Distributions to creditors who have filed claims and are ruled by the Court as priority, secured, or unsecured as set forth in the attached Exhibit A. Creditors whose claims are allowed as priority or secured shall be paid the amount shown on Exhibit A.

Case 5:20-cv-00143-BJD   Document 11-2   Filed 08/10/20   Page 4 of 10 PageID 3272
Case 3:13-bk-07570-JAF   Doc 393   Filed 05/15/17   Page 3 of 9
LILIA BELKOVA                                            CASE NO: 3:13-bk-07570-JAF

    c.    Any claim or amended claim filed after March 13, 2014, unless specifically provided for in Exhibit A, shall receive no distribution.

7. Secured creditors shall retain their liens.

8. Any post petition costs or expenses incurred by or on behalf of any secured creditor will be discharged upon the Debtor's completion of the Plan, unless specifically provided for in this order (Paragraph 18), or by further order of Court on motion filed prior to completion of the Plan. Regardless of objection by the creditor, this provision specifically supersedes all language in any Confirmed Plan that states differently.

9. This Order is subject to any Objections, Motions to Value Claims, or Adversary Proceedings pending as of the date of the Confirmation Hearing.

10. The property of the estate revests in the Debtor or in any other entity provided for by the Debtor in the terms of the confirmed Chapter 12 Plan upon entry of this order.

11. The Debtor shall file all required post petition tax returns with the Internal Revenue Service and provide a copy of the tax return to the Chapter 12 Trustee by May 1st of the year following the taxable year. If the Debtor has properly filed an extension to file with the Internal Revenue Service and delivered a copy of the tax return extension to the Chapter 12 Trustee by May 1st, the Debtor must provide a copy of the tax return no later than 10 days after the extension date. All tax refunds received during this 36 month Plan shall be turned over to the Chapter 12 Trustee for additional distribution to the unsecured creditors or advanced plan payments. Submissions of Tax refunds are subject to the Chapter 12 Trustee's percentage fee.

12. The Debtors shall submit an Annual Net Disposable Income Affidavit to the Chapter 12 Trustee for the three year term of this Plan in accordance with the following terms and conditions:

Case 5:20-cv-00143-BJD   Document 11-2   Filed 08/10/20   Page 5 of 10 PageID 3273
Case 3:13-bk-07570-JAF   Doc 393   Filed 05/15/17   Page 4 of 9

LILIA BELKOVA                                           CASE NO: 3:13-bk-07570-JAF

a. The first Net Disposable Income Affidavit including all income, operating expenses and living expenses shall encompass the period from March 10, 2016, to December 31, 2016.

b. The Debtor shall submit the Annual Net Disposable Income Affidavit no later than January 31 following the end of the previous calendar year on December 31.

c. The Chapter 12 Trustee shall review the Debtors Annual Net Disposable Income Affidavit submitted each year and notify the Debtors within 30 days of receipt of the Annual Net Disposable Income Affidavit of the additional monies to be paid to the Chapter 12 Trustee for distribution to the holders of allowed, unsecured claims in this case subject to the payment of the Chapter 12 Trustee's commission.

d. The Debtor shall pay the amount determined by the Chapter 12 Trustee as Annual Net Disposable Income no later than 10 days from the date of notification by the Chapter 12 Trustee of the amount referenced in paragraph VI(c).

e. The Debtor shall produce for examination, inspection and copying by the Chapter 12 Trustee such additional records as the Trustee shall deem appropriate including but not limited to tax returns, bank statements, income and expense statements and invoices.

13. This Order supersedes any Adequate Protection Orders previously entered in this case and same shall be of no further force and effect. All pre confirmation Adequate Protection payments are notated on the attached Exhibit "A".

Case 5:20-cv-00143-BJD Document 11-2 Filed 08/10/20 Page 6 of 10 PageID 3274
Case 3:13-bk-07570-JAF Doc 393 Filed 05/15/17 Page 5 of 9

LILIA BELKOVA                                                CASE NO: 3:13-bk-07570-JAF

14. Any objection filed by creditor which was not prosecuted at the confirmation hearing is deemed withdrawn and/or overruled by the entry of this Order.

15. The procedure for treatment of mortgage payment changes and escrow account adjustments during the life of the Plan are as follows:

    a. Mortgage Creditors are required to file a Notice of Mortgage Payment Change setting forth the basis of the change, the amount of the new payment and the date the new payment becomes due. Said Notice shall be filed within a reasonable time prior to the occurrence of the payment change and served upon the Trustee, Debtor and Debtor's counsel.

    b. Upon receipt of the Notice, the Trustee shall take the following action:

    (1) If the new payment is less than the current payment, the Trustee shall reduce the payment to the creditor in accordance with the notice, and apply the difference to the unsecured distribution.

    (2) If the new payment amount is greater than the current payment, the Trustee shall compute the additional amount needed to be paid by the Debtor and file a Notice of Plan Payment Change setting forth the new monthly payment and the new payment on the mortgage. If no objection is filed by a party of interest, the Notice of Plan Payment Change will be considered a modification to the Confirmed Plan requested by the Trustee pursuant to 11 U.S.C. Section 1229. Notice and hearing are waived inasmuch as no creditor will be adversely affected by such change.

16. If the Debtor has surrendered collateral securing a debt to the creditor and the creditor is entitled to file an unsecured deficiency claim, said claim must be filed within 90 days

Case 5:20-cv-00143-BJD   Document 11-2   Filed 08/10/20   Page 7 of 10 PageID 3275
Case 3:13-bk-07570-JAF   Doc 393   Filed 05/15/17   Page 6 of 9

LILIA BELKOVA                                                    CASE NO: 3:13-bk-07570-JAF

of the date of this order, unless a Motion for Extension of Time is filed for good cause prior to the expiration of the 90 days and granted by this Court.

17. Debtor owns property located in Levy County, FL at 3351 SE 186th Avenue, Morriston, FL 32668. The property is more particularly described as follows:

**LOT 22, GILMORE ACRES, AS PER PLAT THEREOF RECORDED IN PLAT BOOK 5, PAGE(S) 56, PUBLIC RECORDS OF LEVY COUNTY, FLORIDA**

and Pennymac Loan Services, LLC holds a first mortgage encumbering the Property.

18. Deer Run Property Owners Association Inc. (Deer Run) may proceed in all respects with the pending legal action against the Debtor for alleged violation of the Declaration and related claims concerning 2251 Buckridge Trail, Loxahatchee, FL 33470 aka Lot 122, which the Debtor owns. Deer Run has previously been granted relief from the automatic stay to proceed in all respects in regard to any post-petition assessments claimed to be owed to Deer Run by the Debtor (Doc.# 244). The lien or potential lien in favor of Creditor, Deer Run for any money owed for pre-petition HOA fees, attorney's fees, damages and any other fees and costs and which impairs or may impair the Debtor's interest in real property in Palm Beach County, Florida is an unsecured debt which shall be avoided and canceled and have no further force or effect upon entry of a Discharge in this Chapter 12 case. Further, Creditor shall receive no distribution from the Chapter 12 Trustee as an unsecured creditor in this case as no proof of claim has been timely filed (Doc.#358).

19. Claim Notes listed on the attached Exhibit A are incorporated into the terms of this Order.

LILIA BELKOVA                                              CASE NO: 3:13-bk-07570-JAF

Copies to:
All interested parties
Douglas W. Neway, the Chapter 12 Standing Trustee, is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order.

# EXHIBIT A
## CASE NO: 3:13-bk-07570-JAF
## LILIA BELKOVA

| Claim No. | Creditor | Claim Type | Claim Amount | Total Plan Disbursement | Plan Payment Disbursements | |
|---|---|---|---|---|---|---|
|  | TRUSTEE EXPENSES | Priority | As set by the Court | | | |
|  | PENNYMAC LOAN SERVICES LLC | Priority | $14,532.96 | $14,532.96 | $403.70 | 1 - 35 |
|  |  |  |  |  | $403.46 | 36 - 36 |
| *Claim Notes: No claim filed. - Post Petition Administrative Claim. Post Petition/Preconfirmation Taxes & Forced Place Insurance* | | | | | | |
|  | DEER RUN ASSOCIATION | Unsecured | $0.00 | $0.00 | $0.00 | |
| *Claim Notes: No claim filed. - Lien Stripped Per Court Order, Allowed As Unsecured, However Because No Claim Has Been Filed, No Disbursements Will Be Made And Unsecured Debt Will Be Discharged Upon Completion Of Plan Payments Doc#361* | | | | | | |
| 01 | INTERNAL REVENUE SERVICE | Priority | $0.00 | $0.00 | $0.00 | |
| *Claim Notes: Original Claim Amended 9/24/14* | | | | | | |
| 02 | SPRINT CORP | Unsecured | $369.17 | $0.00 | $0.00 | |
| *Claim Notes: Claim Disallowed. - Per Doc #326* | | | | | | |
| 03 | PALMS WEST HOSPITAL | Unsecured | $609.99 | $0.00 | $0.00 | |
| *Claim Notes: Claim Disallowed. - Per Doc #325* | | | | | | |
| 04 | PNC MORTGAGE | Secured | $325,000.00 | $62,808.12 | $1,744.67 | 1 - 36 |
| *Claim Notes: Mortgage. - Doc#226 Order Valuing $325,000.00 @ 5%. Payment Of This Claim Extends Beyond The Plan Term And Includes Interest. Adequate Protection Payments Made Prior To Confirmation (Doc#226)$31,404.06 Total* | | | | | | |
| 04 | PNC MORTGAGE | Unsecured | $433,510.40 | $0.00 | $0.00 | |
| *Claim Notes: Claim Disallowed. - Per Doc#357 No Disbursements, However The Lien Of Pnc Bank Shall Be Avoided Only Upon Completion Of Payments And Discharge.* | | | | | | |
| 05 | FIDELITY NATIONAL TITLE GROUP | Secured | $60,000.00 | $11,595.24 | $3,865.08 | 1 - 1 |
|  |  |  |  |  | $0.00 | 2 - 12 |
|  |  |  |  |  | $3,865.08 | 13 - 13 |
|  |  |  |  |  | $0.00 | 14 - 24 |
|  |  |  |  |  | $3,865.08 | 25 - 25 |
|  |  |  |  |  | $0.00 | 26 - 36 |
| *Claim Notes: Order Doc#63 Valuing @ 60,000.00 @ 5%. Payment Of This Claim Extends Beyond The Plan Term And Includes Interest. Adequate Protection Payments Made Prior To Confirmation To Previous Claim Holder, Mackinac Savings Bank Totaling $18,412.76 (Doc#57)* | | | | | | |
| 05 | FIDELITY NATIONAL TITLE GROUP | Unsecured | $170,000.00 | $0.00 | $0.00 | |
| *Claim Notes: Claim Disallowed. - Per Doc#330* | | | | | | |
| 06 | FIDELITY NATIONAL TITLE GROUP | Secured | $30,000.00 | $5,797.80 | $1,932.60 | 1 - 1 |
|  |  |  |  |  | $0.00 | 2 - 12 |
|  |  |  |  |  | $1,932.60 | 13 - 13 |
|  |  |  |  |  | $0.00 | 14 - 24 |
|  |  |  |  |  | $1,932.60 | 25 - 25 |
|  |  |  |  |  | $0.00 | 26 - 36 |
| *Claim Notes: Order Doc#64 Valued $30,000.00 @ 5%. Payment Of This Claim Extends Beyond The Plan Term And Includes Interest. Adequate Protection Payments Made Prior To Confirmation To Previous Claim Holder, Mackinac Savings Bank Totaling $18,412.76 (Doc#57)* | | | | | | |

## EXHIBIT A
## CASE NO: 3:13-bk-07570-JAF
## LILIA BELKOVA

| Claim No. | Creditor | Claim Type | Claim Amount | Total Plan Disbursement | Plan Payment Disbursements | |
|---|---|---|---|---|---|---|
| 06 | FIDELITY NATIONAL TITLE GROUP | Unsecured | $45,000.00 | $0.00 | $0.00 | |
| | *Claim Notes: Claim Disallowed. - Per Doc#330* | | | | | |
| 07 | SCITUATE REALITY LLC | Unsecured | $50,400.00 | $0.00 | $0.00 | |
| | *Claim Notes: Lien stripped per court order, allowed as unsecured. - Per Doc#366 Debtor Has Previously Obtained A Chapter 7 Discharge As To This Debt And No Disbursements Will Be Made.* | | | | | |
| 08 | SCITUATE REALITY LLC | Unsecured | $54,000.00 | $0.00 | $0.00 | |
| | *Claim Notes: Lien stripped per court order, allowed as unsecured. - Per Doc#371 Debtor Has Previously Obtained A Chapter 7 Discharge As To This Debt And No Disbursements Will Be Made.* | | | | | |
| 09 | PENNYMAC LOAN SERVICES LLC | Secured | $300,000.00 | $0.00 | $0.00 | |
| | *Claim Notes: Claim Withdrawn.* | | | | | |
| 10 | PENNYMAC LOAN SERVICES LLC | Secured | $98,500.00 | $19,581.12 | $543.92 | 1 - 36 |
| | *Claim Notes: Mortgage. - Order Doc#359 Allowed $98,500.00 @ 5.25%. Principal And Interest Only. Payment Of This Claim Extends Beyond The Plan Term And Includes Interest. Adequate Protection Payments Made Prior To Confirmation $8,702.72 (Doc#235)* | | | | | |
| 10 | PENNYMAC LOAN SERVICES LLC | Secured | $14,536.44 | $14,536.44 | $403.79 | 1 - 36 |
| | *Claim Notes: Mortgage. - Ongoing Payments For Taxes & Insurance Subject To Further Credits If Debtor Obtains Homeowners Insurance* | | | | | |
| 10 | PENNYMAC LOAN SERVICES LLC | Unsecured | $293,224.90 | $0.00 | $0.00 | |
| | *Claim Notes:* | | | | | |

Per Doc. #359, Pennymac Shall Have No Unsecured Claim Against The Debtor Personally. Pennymac Shall Not Participate In The Distribution To Unsecured Creditors In The Debtor'S Plan. Notwithstanding The Foregoing, The Amount Owed Under The Note Above The Secured Claim Shall Remain Outstanding And Shall Be Avoided Only Upon Completion Of The Debtor'S Chapter 12 Plan Payments And Entry Of A Final Decree And Discharge (If Applicable). In The Event The Debtor Seeks To Sell The Property Or Refinance The Loan Prior To The Completion Of The Plan And Entry Of A Final Decree And Discharge (If Applicable), The Parties Shall Retain All Rights Under 11 U.S.C. §363. Pennymac Shall Not Be Required To Release The Amount Owed On The Note Above Its Secured Claim Prior To The Completion Of The Debtor'S Confirmed Chapter 12 Plan And Entry Of A Final Decree And Discharge (If Applicable).

| Debtor Payment Schedule | | |
|---|---|---|
| StartDate | Number of Months | PaymentAmount |
| May 11, 2017 | 1 - 1 | $9,361.85 |
| June 11, 2017 | 2 - 12 | $3,259.03 |
| May 11, 2018 | 13 - 13 | $9,361.85 |
| June 11, 2018 | 14 - 24 | $3,259.03 |
| May 11, 2019 | 25 - 25 | $9,361.85 |
| June 11, 2019 | 26 - 36 | $3,259.03 |

Copies to:
Debtor
Robert W Elrod, Jr
Douglas W. Neway, Trustee
All Interested Parties