U.S. District Court
Middle District of Florida (Ocala)

Case 5:20-cv-00143-BJD

Lilia Belkova
      Appellant
V.
PNC Bank, N.A.
      Appellee
_____/

Proposed Intervenors Reply to Response In Opposition To Motion
For Leave To Intervene, and Memorandum of Law

     A land trust, Land Trust Agreement No. 072003, dated 02/09/2004, Anisa Nazarova

a/k/a Anissa Nazarova, as co-beneficiary, and Lilia Belkova as successor trustee, through counsel,

(Movants), proposed intervenors, reply to Appellee's response in opposition to motion for leave to

intervene, and file a memorandum of law, and respectfully represent the following to the court:

     Movants moved to intervene in this appeal, for a limited purpose, (Doc  8) and stated "The

deadline in the rule requires this motion be filed at this time, but movants intend to also ask this

court to relinquish jurisdiction to allow movants to bring a motion before the court below for relief

pursuant to Bankruptcy rule 9024 incorporating Federal Rule 60,  for relief from judgment."

Movants will be moving this court to relinquish jurisdiction to the bankruptcy court for the purpose

of filing the Motion to Intervene, and for Relief Under Rule 9024, in the bankruptcy court below.

     In in its preliminary statement and "undisputed facts" PNC repeats arguments about prior

motions valuing PNC's collateral and the proposed chapter 12 plan and confirmation order, which

have already been analyzed by the bankruptcy court in consideration of the summary judgment on

appeal. The court issued a detailed order denying summary judgment on that part,  and PNC has not

appealed.

PNC is also now making new false allegations, unsupported by the evidence,  that Lilia Belcova  "by her own admission" utilized the loan funds from PNC's predecessor in interest to not only pay off the existing first mortgage on the property, but also to construct substantial improvements. Lilia Belkova never made such admissions, and the pleadings, evidence, and her two volume deposition speak to the contrary. (A-(record on appeal)43-52, DE-86-95 )

This court should see through all of the petulant allegations and arguments about Lilia Belkova's prior actions in several related cases, because the following facts appear to be undisputed:

1.      Movants are not the same legal entity as Lilia Belkova, but a Land Trust, Land Trust Agreement No. 072003, dated 02/09/2004, Anisa Nazarova a/k/a Anissa Nazarova, as co-beneficiary, and Lilia Belkova as successor trustee.

2.      The Land Trust itself was never a party in the court below, and seeks to intervene to contest jurisdiction. It owns the property not Llia Belkova. PNC bank could have joined the Land Trust as a party in the court below, but never did so. The court below did not acquire jurisdiction over the Land Trust.

3.      The arguments about prior motions valuing PNC's collateral, or the chapter 12 case all concern Lilia Belkova's individual interest in the property. The legal owner of the property is a matter of fact in the public records, and a necessary party in any litigation, which PNC had the obligation to ascertain and join in any litigation which would affect the title to the property. Any title company would have required joinder of the Trust.

4.      The individual debtor only owned her beneficial interest. Her mother Anisa Nazarova a/k/a Anissa Nazarova, is co-beneficiary, and was sole beneficiary at material times during 2004-2009. Attached Exhibit A and Exhibit B clearly demonstrate that in January 2005, when predecessor bank closed its construction loan without required Home Owner's Association's

approval and disbursed the funds to the builders in violation of the construction funding agreement, Anissa Nazarova was the sole beneficiary, while Lilia Belkova did not have any beneficial interest in the property until after the Bank commenced foreclosure of alleged mortgage. Prior to recording of a deed in 2012 Lilia Belkova did not hold legal title to the property. Please see the deed attached as Exhibit C.  Lilia Belkova was supposed to be a personal guarantor only if the Home Owner's Association provided approval of construction plans. Her chapter 7 was filed in 2011 and the disputed unsecured claim of the bank against her individually was discharged in 2012.

5.      In fact, the court below clearly found that PNC's mortgage was invalid,  and imposed only a constructive lien.

Memorandum of Law

When a necessary party is omitted from real estate litigation affecting title, that omitted party is not bound, and its interest has not been adjudicated absent jurisdiction over its person. Scott v. Jenkins, 35 So. 101, 46 Fla. 518 (Fla. 1902). Any prejudice to PNC was caused by its own non-joinder of the undisputed Title holder in the court below. See Martin v. Wilks, 400 US 755, 109 S.Ct. 2180 (1989), holding that joinder as a party rather than knowledge of a lawsuit and opportunity to intervene is the method whereby potential parties are subjected to the jurisdiction of the court and bound by a judgment or decree. The case cited the court of appeals which held that the law does not impose upon any person absolutely entitled to a hearing the burden of voluntarily intervention in a suit, and unless duly summoned a party may rest assured a judgment will not affect his or her legal rights.

PNC's reference to 11 USC 541(a)(1) is misleading. 11 U.S. Code § 541. Property of the estate, includes in (a)(1) all legal or equitable interests of the debtor in property as of the commencement of the case. 541(b) says Property of the estate does not include—

(1) any power that the debtor may exercise solely for the benefit of an entity other than the debtor. That would clearly exclude Anissa Nazarova's interest. PNC incorrectly assets that the trust res was listed in the bankruptcy schedule, exhibit F to the response. The schedule lists "all real property in which debtor has any legal, equitable, or future interest." And in the column entitled "Nature of Debtor's Interest" it clearly states "As Trustee of Florida Land Trust 072003 and some beneficial interest jointly with mother." PNC's claim is listed as contingent and disputed. See Cowsert v. Cowsert, 14 B.R. 335 (Bankr. S.D. FL 1981), holding that the trustee of a land trust is not the owner of the property in bankruptcy unless trustee owns all beneficial interest.

PNC's memorandum of law complains about timeliness under Fed. R. Civ. P. 24, but not only should the court  impose the burden on PNC to have timely joined title holders to the property in its Counterclaim to impose a constructive lien, but that is rule is a bankruptcy court issue not an issue in this case.

Proposed intervenors are moving to relinquish jurisdiction for the purpose of bringing the motion to intervene and for relief under rule 9024 before the bankruptcy court.

The court below is where Fed. R. Bankr 7024 incorporates Fed. R. Civ. P. 24,  and In Federal Sav. and Loan Ins. Corp. v. Falls Chase Special Taxing Dist., 983 F.2d 211 (11th Cir. 1993), followed In Chiles v. Thornburgh, 865 F.2d 1197, 1213 (11th Cir.1989), come into play. In the bankruptcy court, not in the district court on appeal.

The motion at bar, Doc 8, falls  under Fed. R. Bankr. P. 8013(g), not Fed. R. Bankr 7024.

Fed. R. Bankr. P. 8013(g) provides:

(g) Intervening in an Appeal. Unless for a limited purposes a statute provides otherwise, an entity that seeks to intervene in an appeal pending in the district court or BAP must move for leave to intervene and serve a copy of the motion on the parties to the appeal. The motion or other notice of intervention authorized by statute must be filed within 30 days after the appeal is docketed. It must concisely state the movant's interest, the grounds for intervention, whether intervention was sought in the bankruptcy court, why intervention is being sought at this stage of the

proceeding, and why participating as an amicus curiae would not be adequate.

No affidavit is required by the rule at (g). The rule at (a)(2)(C)(i)  provides that an affidavit or other document necessary to support a motion must be served and filed with the motion, not that an affidavit is required.

However, affidavits of Anisa Nazarova are being prepared to support the motion to relinquish to be filed in this court, and the motion to intervene and for relief from judgment to be filed in the court below.

Respectfully submitted.

## Certificate of Compliance with Bankruptcy Rule 8015

We hereby certify this motion complies with Bankruptcy Rule 8013, 8015 and Fed. R. App. P. 32(a)(7)(B). This Motion contains less than 13,000 words and is less than 1,300 lines of text using Times New Roman 12 point font.

## Certificate of Service

I Hereby Certify that a true and correct copy of foregoing was served via CM/ECF, email or U.S. Mail to the parties on the attached service list as indicated on this  17th day of August, 2020

JOEL M. ARESTY, P.A.
Board Certified Business Bankruptcy Law
Attorneys for Proposed Intervenors
309 1st Ave S
Tierra Verde, FL 33715
Fax: 1-800-559-1870
Phone: (305) 904-1903
Aresty@Mac.com
By:/s/ Joel M. Aresty, Esq
Fla. Bar No. 197483