UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

LILIA BELKOVA,

    Appellant,

v.                                                Case No. 5:20-cv-143-Oc-39

PNC BANK, N.A.,

    Appellee.
_____/

## ORDER

**THIS CAUSE** is before the Court on Anisa Nazarova and Appellant Belkova's Motion for Leave to Intervene (Doc. 8); Anisa Nazarova and Appellant Belkova's Motion to Relinquish Jurisdiction for a Motion in the Court Below (Doc. 16); Appellant Belkova's Motion for Extension of Time to File Brief (Doc. 20); Appellee's responses in opposition (Docs. 11 and 18); and Appellant Belkova's Reply (Doc. 12).[1]

    1.    *Anisa Nazarova and Appellant Belkova's Motion for Leave to Intervene*

Rule 8013(g), Federal Rules of Bankruptcy Procedure requires "an entity that seeks to intervene in an appeal pending in the district court or BAP [to] move for leave to intervene and serve a copy of the motion on the parties to the appeal." A motion to intervene must be filed within 30 days after the appeal is docketed and provide "the grounds for intervention, whether intervention was sought in the bankruptcy court, why

---

[1] Appellant's October 9, 2020 reply (Doc. 22) is related to her Motion for Extension of Time (Doc. 16), unauthorized, and due to be stricken. See Local Rule 3.01(c).

intervention is being sought at this stage of the proceeding, and why participating as an amicus curiae would not be adequate." Id.

This appeal was docketed on April 8, 2020. (Doc. 1). Anisa Nazarova and Appellant Belkova's filed their Motion to Intervene on July 24, 2020. (Doc. 8). For a party to intervene as a matter of right "it must timely move to intervene." Georgia v. U.S. Army Corps of Engineers, 302 F.3d 1242, 1250 (11th Cir. 2002). The time for Anisa Nazarova to intervene elapsed over two months prior to the filing of the Motion to Intervene.[2] In addition to being untimely, Ms. Nazarova has not established that her intervention is necessary. The most glaring reason for the Court's conclusion is that Appellant and Ms. Nazarova are submitting joint motions for relief. (Docs. 8 and 16). If their motions are joint and they are coordinating their efforts to achieve the same final result, then Ms. Nazarova does not need to be party to the appeal for her interests to be protected. See (Doc. 8 (explaining that "movants" (Ms. Nazarova and Appellant) are asking this Court to relinquish jurisdiction to the bankruptcy court)).

Finally, the prejudice inuring to Appellee from Ms. Nazarova's joinder at this stage of the proceedings is undue. This finding is supported by the fact that the underlying bankruptcy case was filed nearly seven years ago, and Ms. Nazarova never attempted to intervene before now and offers no explanation for her untimely joinder.

    2.    *Anisa Nazarova and Appellant Belkova's Motion to Relinquish Jurisdiction for a Motion in the Court Below*

---

[2] Curiously, without support, Appellee concedes that the Motion to Intervene was timely under Bankruptcy Rule 8013(g), but untimely pursuant to Rule 24, Federal Rules of Civil Procedure. (Doc. 11 at 12). This position appears to be rooted in Appellee basing the date of demarcation as the date the appellate record is provided by the Clerk.

Appellant and Ms. Nazarova also move for the Court to relinquish jurisdiction to the bankruptcy court pursuant to Bankruptcy Rule 9024, which essentially adopts Rule 60 from the Federal Rules of Civil Procedure. Rule 60 allows a court to relieve a party from an order because of mistake, inadvertence, surprise, excusable neglect, or for any other reason that justifies relief. Reconsideration is only appropriate where controlling law has changed or new evidence has become available, or where reconsideration is necessary to correct a clear error or prevent manifest injustice. Delaware Valley Floral Grp., Inc. v. Shaw Rose Nets, LLC, 597 F.3d 1374, 1383 (Fed. Cir. 2010). "A motion for reconsideration cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Richardson v. Johnson, 598 F.3d 734, 740 (11th Cir. 2010) (citation and internal quotation omitted). "[W]here a party attempts to introduce previously unsubmitted evidence on a motion to reconsider, the court should not grant the motion absent some showing that the evidence was not available during the pendency of the motion." Shuford v. Fid. Nat'l Prop. & Cas. Ins. Co., 508 F.3d 1337, 1345 (11th Cir. 2007) (citation and quotation omitted). Indeed, "a reconsideration of a previous order is an extraordinary remedy to be employed sparingly." Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994) (internal citations omitted).

To the extent that this Court would relinquish jurisdiction, that process is governed by Bankruptcy Rule 8008(c), which provides that "[i]f the bankruptcy court states that it would grant the motion or that the motion raises a substantial issue, the district court or BAP may remand for further proceedings, but it retains jurisdiction unless it expressly dismisses the appeal." Review of the bankruptcy court's docket does

not reveal that a motion for reconsideration is even pending. There can be no remand pending resolution of a motion that does not exist. Even if there was a pending motion, there is no indication that the motion would be successful or necessitate remand.

Accordingly, after due consideration, it is

**ORDERED:**

1. Anisa Nazarova and Appellant Belkova's Motion for Leave to Intervene (Doc. 8) is **DENIED**.

2. Anisa Nazarova and Appellant Belkova's Motion to Relinquish Jurisdiction for a Motion in the Court Below (Doc. 16) is **DENIED**.

3. Appellant Belkova's Motion for Extension of Time to File Brief (Doc. 20) is **GRANTED**. Appellant shall file her initial brief no later than **November 22, 2020**. No further extensions of time will be granted absent extraordinary circumstances.

**DONE** and **ORDERED** in Jacksonville, Florida this 10th day of November, 2020.

_____
BRIAN J. DAVIS
United States District Judge

2
Copies furnished to:

Counsel of Record
Unrepresented Parties