UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

OCALA DIVISION

Lilia Belkova,

Case No. 5:20-cv-143-Oc-39

Appellant,

v.

PNC Bank, N.A.

Appellee.

_____/

## APPELLANT'S MOTION FOR LEAVE TO FILE REPLY TO APPELLEE'S RESPONSE IN OPPOSITION TO APPELLEE'S MOTION TO STRIKE ANSWER BRIEF WITH IMBEDDED REPLY TO APPELLEE'S RESPONSE IN OPPOSITION TO APPELLEE'S MOTION TO STRIKE ANSWER BRIEF

COMES NOW, Appellant LILIA BELKOVA, Pro Se ("Appellant"), and files this Motion for Leave to File Reply to Appellant's Response in Opposition to Appellant's Motion to Strike Answer Brief pursuant to Local Rule 3.01, and in support states as follows:

1.  On February 16, 2021, Appellant filed a Motion to Strike Appellee's Answer Brief (Docket # 54) because on February 8, 2021, Appellee PNC Bank, NA ("Appellee") filed their Answer Brief in this appeal (Docket # 51), the substantive part of which is forty-eight (48) pages long, in excess of the limits provided by Bankruptcy Rule 8015 and the limits of the Court's December 17, 2021 Order (Docket # 38) ("Order") stating that Appellee's response brief shall be "no more than 30 substantive pages."

2.  On February 18, 2021, the Court entered an Order requiring Appellee to file a response to Appellee's Motion to Strike by no later than February 22, 2021, (Docket # 55) and on

I

February 19, 2021, Appellee filed its Response in Opposition to Appellant's Motion to Strike Answer Brief ("Response") (Docket #56).

3.   Appellee has once again filed an obnoxious and inappropriate pleading with the Court maligning Appellant and making false statements, i.e. the Response, and Appellant is forcing herself to prepare and file this Reply notwithstanding her illness, because it is important for the Court to see what Appellee is doing and has been trying to do to Appellant from day one in Appellant's bankruptcy cases. Appellant can no longer sit still and not respond to the false statements and accusations by Appellee who have their nerve after they had been sued hundreds of times for fraud, etc. to continue slanderous attacks on Appellant to whom in 2013 they have already paid $300.00 "as a result of an agreement between federal banking regulators and PNC Bank in connection with an enforcement action related to deficient mortgage servicing and foreclosure process." Attached here as exhibit A are Plaintiff's Trial Exhibits 47 and 48 containing the explanation of Independant Foreclosure Review and the copy of the check paid for estimated financial injury " as a result of errors, misrepresentations, or other deficiencies made during the foreclosure process" on that very  mortgage validity of which is disputed in the case at bar.

4.   The stress on Appellant caused by Appellee in all of the pending bankruptcy cases (Appellee filed an adversary complaint against Appellee in the bankruptcy case underlying this appeal on November 9, 2020 (Case # 3:20-ap-00136) and Appellant is now handling a total of six (6) bankruptcy cases including this appeal and two (2) cases in state court) all stemming from PNC Bank and it's predecessor's misconduct has

2

resulted in Appellant becoming extremely ill and unable to function. (See above and Doctors' Notes attached to Appellant's Motion for Enlargement of Time to File Reply Brief filed on February 18, 2021 (Docket # 57).)

5. Appellant is immunocompromised and stress intolerant (becomes sick under stress due to failure of the immune system to oppose viral and bacterial infections caused by chronic mercury and lead poisoning), has been seriously ill for several weeks and was finally forced to seek medical treatment on February 15 and 16, 2021, is undergoing diagnostic procedures and lab work, taking medication and have been ordered to stay on bed rest until March 1, 2021. (see Doctors Notes attached to Appellant's Motion for Enlargement of Time to file Reply Brief filed on February 18, 2021, Docket # 57))

6. In the Response, Appellee admits that substantive pages of the Answer Brief exceed the applicable limits, yet claims that this was inadvertent oversight. This is ridiculous. The filing of the Answer Brief in excess of the limits was **clearly intentional** by Appellee.

7. Appellee's Counsel is very familiar with the provisions of the Court's December 17, 2020 Order having prepared a number a motions based on the Order, including their Motion to Strike Appellant's Corrected Initial Brief and Dismiss Appeal, Motion for Damages and Double Costs, or, in the Alternative Motion for Extensuin of Time to File Answer Brief (Docket # 45), and the Motion for Attorney's Fees, Damages and Double Costs against Appellant filed on February 8, 2021 (Docket #s 52). Both of these motions make extensive arguments based on the provisions of Court's December 17, 2020 Order and show that Appellee is very familiar with the provisions of the Order.

3

8. **The filing of the Answer Brief in excess of the page limits was not an inadvertent oversight.** It was an intentional act by Appellee as indicated by the record, with Appellee thinking that Appellant wouldn't notice, or could not or would not take action to point out the error to the Court?

9. Appellee is trying to plead Appellant to death, requiring numerous responses which are very difficult for Appellant to handle in foreign languages and without counsel.

10. Appellee states in the Response (second paragraph, p. 4) that "the Statement of the Case in the Answer Brief was longer than might otherwise be included in typical briefing, due in large part to the lengthy chronology that occurred in Appellant's Chapter 12 Bankruptcy." Appellant agrees about the lengthy chronology of events and this was one of the reasons that Appellant requested permission from the Court to file an Initial Brief in excess of thirty (30) pages, because she would need room to point out and correct and provide reference to the evidence of all the material false statements and misrepresentations that Appellee packs into it's "Statement Of Facts" and "Statements Of The Case", which eats away at the brief's length limit not leaving sufficient space for important arguments and references to the records.

11. Appellant has been prejudiced by the limitations applied to her Initial Brief in this case, combined with the fact that Appellee has repeatedly filed pleadings in excess of the applicable limits in the underlying bankruptcy case i.e. Appellee's Motion for Summary Judgment was two and a half (2.5) times longer that the applicable ten (10) page limit and filled with false statements and misrepresentations about Appellant, without asking for the Court's permission. Additionally it contained misleading "Certificate of Service"

falsely certifying that a copy of the Motion for Summary Judgement was mailed to the Plaintiff. Kim Israel, the attorney for Appellant, who had signed the certificate does not deny that the Summary Judgement Motion was not mailed to the Plaintiff.

12. Appellant was finally able to obtain Construction Loan Agreement documents governing the mortgage/loan agreement validity of which is the subject of this appeal. Appellee has concealed the documents from Appellant and the Court, knowingly and fraudulently. Appellee has submitted fraudulent Proof of Claims in the bankruptcy case underlying this appeal and in the 2020 bankruptcy cases filed by Appellant, and as a result had fraudulently obtained hundreds of thousands of dollars of Appellant and Appellant's mother's assets, not to mention the damages Appellee caused to our lives, business and health over the past fifteen (15) years. Appellee has attacked Appellant with a vengeance in multiple cases with libel and slander, harming Appellant's reputation and causing severe physical, emotional and financial distress to Appellant and her 80 year old mother.

13. Appellee tries to use an excuse in the Response that it used 14 point font in the Answer Brief, but this is not a legitimate excuse. The applicable rules provide for the use of 14 point font for preparation of appeal briefs and the Court's Order did not provide that Appellee could use 12 point font in preparing the Answer Brief.

14. Appellee should have requested leave from the Court to file an answer brief in excess of thirty (30) pages or for other accommodations as to the brief preparation, but did not.

15. Instead, Appellee surreptitiously filed an Answer Brief of 48 pages hoping that neither Appellant nor the Court would notice and Appellee will gain an advantage over Appellee who was not permitted to extend her Brief to 13,000 words.

16. Appellee did not comply with the Court's Order by filing a response brief of more than 30 pages. Appellee is in contempt of Court.

17. Appellant trusts that the Court sees the necessity of this Reply to Appellant's Response and will grant this Motion for Leave and consider this Reply in making its decision on the Motion to Strike Answer Brief.

18. The Reply is only six (6) pages and will not take a great deal of the Court's time to consider.

19. Appellant has contacted Appellee's counsel as required by Local Rule 3.01 and they are opposed to this Motion.

**WHEREFORE**, based on the foregoing, Appellant respectfully asks and moves this Honorable Court to immediately grant this Motion and accept this Reply in Opposition to Appellant's Motion to Strike Answer Brief, consider this Reply and grant Appellant's Motion to Strike Answer Brief, and for any other relief the Court deems just and equitable.

Respectfully submitted this 19th day of February, 2021.

**Lilia Belkova Russo**
*Pro Se* **Appellant**
**2259 Buck Ridge Trail**
**Loxahatchee, FL 33470**

6

)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY under penalty of perjury that a true and correct copy of the foregoing was served by US Mail or by e-mail to the following parties: Kimberly Israel, Esq., McGlinchey Stafford, Attorneys for Appellee, 10407 Centurion Parkway North, Suite 200, Jacksonville, FL 32556 this 19th day of February, 2021.

Lilia Belkova
Appellant, Pro Se

7

EXHIBIT "A"

<u>Exhibit Cover Sheet</u>

**Party**
**submitting: Plaintiff**
   **Lilia Belkova**
        Ex. #___ 48

**Admitted: Yes   or   No (circle one)**

**Debtor:** <u>Lilia Belkova</u>

**Case No.: 3:13 – bk – 07570 – JAF**

*Adv. No.: 3:18 – ap – 180 – JAF*_____

**Nature of Hearing/   Trial**

**Docket No:**_____

_____

**United States Bankruptcy Court**
**Middle District of Florida**

**Dated** _____, 20____.

**By:**_____,   **Deputy Clerk**

**APPENDIX B**

Paying Agent – Rust Consulting, Inc.
P.O. Box 8058
Faribault, MN 55021-9458



**Independent Foreclosure Review**

IMPORTANT PAYMENT AGREEMENT INFORMATION ENCLOSED

October 25, 2013

**Your payment is enclosed.**

**SNGLP
LILIA BELKOVA
14701 NW 83RD PL
MORRISTON, FL 32668

Reference Number: 0600431921
Property Address:
2251 BUCKRIDGE TRAIL
LOXAHATCHEE FL 33470

*Si usted habla español, tenemos representantes que pueden asistirle en su idioma*

Dear Lilia Belkova,

You were recently sent a notice that you are eligible to receive a payment as a result of an agreement between federal banking regulators and PNC Bank in connection with an enforcement action related to deficient mortgage servicing and foreclosure processes.

This letter includes your check. It also explains the amount of the payment, why you are receiving a payment, how to cash the check, and other important information and disclosures.

Your payment is: $300.00.

### Why you are receiving a payment

Earlier this year, PNC Bank entered into an agreement with federal banking regulators—the Office of Comptroller of the Currency and the Board of Governors of the Federal Reserve System. This agreement resolved the Independent Foreclosure Review required by the regulators. Additional information about this agreement can be found at www.occ.gov and www.federalreserve.gov.

Regulators determined your payment amount based on the stage of your foreclosure process and other considerations related to your foreclosure.

### How to cash the check

You must cash or deposit the check within 90 days, or the check will be void. All borrowers listed on the check must sign it to cash it.

> The payment amount is final.
> There is no process to appeal the payment.

*Continued on reverse side*

CCC2015                                                                                         A IRP111.00002/235

Fund 1 Independent Foreclosure Review Payment QSF
Loan Servicer: PNC Bank
P.O. Box 8058
Faribault, MN 55021-9458

The Huntington National Bank    56-1512/441                    Check No. 0196246

| DATE | CLAIM NUMBER | AMOUNT |
|------|-------------|--------|
| October 25, 2013 | 0600431921 | $300.00 |

VOID AFTER NINETY (90) DAYS
NOT VALID FOR AMOUNT OTHER THAN $300.00
*All Payee's signatures required on back in order for this instrument to be paid*

Financial Institutions may call
1-855-460-1528 to verify this check.

Pay:           THREE HUNDRED DOLLARS AND NO CENTS
Pay to the order of:   LILIA BELKOVA

Paul V____
Authorized Signature

⑈0196246⑈ ⑆044115126⑆ 01893001299⑈

## Important information

- By cashing or depositing the check, you do not waive any legal claims against your servicer and you may pursue additional actions related to your foreclosure.

- Cashing or depositing the check may affect your taxes or public assistance benefits. Neither the paying agent —Rust Consulting, Inc., nor the regulators can advise you on tax liability or any effect on public assistance. If you have questions, you may consult a tax advisor or qualified individual or organization. You may also visit www.independentforeclosurereview.com/taxinfo for information about potentially taxable components of your payment. If required, tax documentation, such as a Form 1099, will be sent to you in January 2014.

- You may be eligible for foreclosure prevention assistance. To explore your options, contact a PNC Bank specialist at 1-866-765-2204.

- If you need additional help with foreclosure prevention, please contact the Homeowner's HOPE Hotline at 1-888-995-HOPE (4673) (or at www.makinghomeaffordable.gov) and they can put you in touch with a U.S. Department of Housing and Urban Development approved nonprofit organization that can provide free assistance.

- Please refer this letter to your attorney or authorized representative, if you are represented by an attorney or other authorized third-party representative regarding a foreclosure, bankruptcy case involving this mortgage loan, or the Independent Foreclosure Review.

- This payment does not mean that you necessarily suffered financial injury or harm.

## Other disclosures

This letter is not an attempt to collect a debt or to impose personal liability for any obligation, including, without limitation, any obligation that was discharged, or is subject to an automatic stay in bankruptcy under Title 11 of the United States Code.

Information you provided as part of the Independent Foreclosure Review may not be used for any other purpose. If you would like PNC Bank's internal records to include updated contact or personal information for future correspondence or notices, then you must separately provide your new contact or personal information directly to the servicer by calling 1-866-765-2204.

If you have any questions, please call the paying agent—Rust Consulting, Inc.—at 1-888-952-9105, Monday through Friday, 8 a.m. - 10 p.m. ET or Saturday, 8 a.m. - 5 p.m. ET.

SI tiene preguntas, puede llamar al número de teléfono 1-888-952-9105 para hablar con un representante.

Assistance is also available from the toll-free number In more than 200 languages, including Chinese, Korean, Vietnamese, Tagalog, Hmong, and Russian.

Sincerely,

Paying Agent—Rust Consulting, Inc.

POSITIVE I.D. REQUIRED
Financial Institutions may call 1-855-460-1536 to verify this check.

## Exhibit Cover Sheet

Party
submitting: Plaintiff                    Ex. # 77
   Lilia Belkova


Admitted: Yes   or    No (circle one)


Debtor: Lilia Belkova


Case No.: 3:13 – bk – 07570 – JAF


*Adv. No.: 3:18 – ap – 180 – JAF*

Nature of Hearing/   Trial

Docket No:


United States Bankruptcy Court
Middle District of Florida

Dated     , 20____.

By:_____,   Deputy Clerk


APPENDIX B

# Independent Foreclosure Review



**0 0 6 0 4 3 1 9 2 1**

73325-05-V001-0000267
Lilia Belkova
2251 Buck Ridge Trl
Loxahatchee FL 33470-2592

**Important Notice:**
Your loan may be eligible for an Independent
Foreclosure Review that may result in
compensation or other remedy.
Please respond by April 30, 2012.

Loan Number:        0005004594

Reference Number:   0600431921

Property Address:
2251 Buckridge Trail
Loxahatchee FL 33470

*If you have more than one mortgage account that meets the initial
criteria for an independent review, you will receive a separate
notice for each. You will need to submit a separate Request For
Review Form for each account.*

## You are receiving this notice because the above property is or was active in the foreclosure process between January 1, 2009 and December 31, 2010.

Si usted habla español, tenemos representantes que pueden asistirle en su idioma.

The Board of Governors of the Federal Reserve System and the Office of the Comptroller of the Currency
(federal bank regulators) have required an **Independent Foreclosure Review** to identify customers who may
have been financially injured as a result of errors, misrepresentations, or other deficiencies made during the
foreclosure process. PNC Mortgage, a division of PNC Bank, NA, s/b/m to National City Mortgage a division of
National City Bank, NA's records indicate that your loan may meet the initial criteria:

- Your mortgage loan was active in the foreclosure process between January 1, 2009 and December 31, 2010.
- The property was your primary residence.

If you believe that you may have been financially injured, you may submit a Request for Review Form
for an **Independent Foreclosure Review** by a consultant outside of PNC Mortgage, a division of PNC Bank, NA,
s/b/m to National City Mortgage a division of National City Bank, NA.

The Independent Foreclosure Review will not have an impact on your credit report or any other options you
may pursue related to your foreclosure. If you filed a complaint about the foreclosure process prior to this
independent review, you are still eligible to submit a Request for Review Form.

## The Review Process
**Step 1: Review the enclosed Request for Review Form.**
The form describes examples of situations that may have led to financial injury during the foreclosure process.

**Step 2: After reviewing the form, if you believe you may have been financially injured, complete and submit
a Request for Review Form describing your situation.**
Return the completed form using the enclosed prepaid envelope by April 30, 2012.
You will be sent an acknowledgement letter within one week after your request is received.

**Step 3: Your request will be evaluated to confirm eligibility for the Independent Foreclosure Review.**
If your request meets the eligibility requirements, it will be reviewed by an independent consultant.

**Step 4: Your request will be reviewed to determine if financial injury occurred because of errors, misrepresentations, or other deficiencies in the foreclosure process.**
PNC Mortgage, a division of PNC Bank, NA, s/b/m to National City Mortgage a division of National City Bank, NA will provide relevant documents along with any findings and recommendations related to your request for review to the independent consultant for review. PNC Mortgage, a division of PNC Bank, NA, s/b/m to National City Mortgage a division of National City Bank, NA may be asked to clarify or confirm facts and disclose reasons for events that occurred related to the foreclosure process. You could be asked to provide additional information or documentation. Because the review process will be a thorough and complete examination of many details and documents, the review could take several months.

The **Independent Foreclosure Review** will determine if financial injury occurred as a result of errors, misrepresentations, or other deficiencies in the foreclosure process. You will receive a letter with the findings of the review and information about possible compensation or other remedy.

## Your Request for Review Form must be postmarked no later than April 30, 2012.

To find answers to your questions about the review process as well as information to help you complete the Request for Review Form, visit IndependentForeclosureReview.com/pncmortgage or call 1-877-906-1590 Monday through Friday, 8:00 a.m.–10:00 p.m. ET or Saturday, 8:00 a.m.–5:00 p.m. ET.

**If you are currently represented by an attorney at law with respect to a foreclosure or bankruptcy case regarding this mortgage, please refer this letter to your attorney.**

This notice is being sent at the direction of federal bank regulators and does not constitute an attempt to collect a debt or to impose personal liability for any obligation, including, without limitation, any obligation that was discharged, or is subject to an automatic stay in bankruptcy under Title 11 of the United States Code.

Esta información es precisa a la fecha de impresión y está sujeta a cambios sin previo aviso. Tenga en cuenta que el resto de la correspondencia, documentos legales y notas aclaratorias le serán suministrados en inglés. Le recomendamos que obtenga los servicios de un intérprete independiente para que le ayude según sus necesidades. This information is accurate as of date of printing and is subject to change without notice. All other communications, legal documents and disclosures will be provided to you in English. We recommend that you obtain the services of an independent third party interpreter to assist you as needed.

**Consent Order Details**

Pursuant to enforcement actions issued on April 13, 2011, PNC Mortgage, a division of PNC Bank, NA, s/b/m to National City Mortgage a division of National City Bank, NA signed a consent order with the Office of the Comptroller of the Currency (OCC), the Office of Thrift Supervision (OTS) (independent bureaus of the U.S. Department of the Treasury), or the Board of Governors of the Federal Reserve System. As part of this order, the mortgage servicer has hired an independent consultant to independently review certain residential foreclosure actions regarding individual borrowers.

PNC Mortgage, a division of PNC Bank, NA, s/b/m to National City Mortgage a division of National City Bank, NA or their affiliate must make all reasonable efforts to contact potentially affected customers to alert them of their opportunity to have their foreclosure action reviewed. The review will assess whether the customer incurred financial injury and should receive compensation or other remedy due to errors, misrepresentations, or other deficiencies in the foreclosure process during the period 1/1/2009 to 12/31/2010.





# Independent Foreclosure Review

## Request for Review Form

**It is important that you complete the form to the best of your ability; all information you provide may be useful.**

If the foreclosure process was active on your primary residence between January 1, 2009 and December 31, 2010, you are eligible to request an Independent Foreclosure Review, that may result in compensation or other remedy.

If you think you may have been financially injured as a result of errors, misrepresentations, or other deficiencies made during the foreclosure process, you may complete and submit a Request for Review Form.

**Send this completed form to:**
Independent Review Administrator
PO Box 9690
Faribault, MN 55021-9960

Your form must be postmarked no later than
**April 30, 2012**

To find answers to your questions about the review process as well as information to help you complete the Request for Review Form, visit
**IndependentForeclosureReview.com/pncmortgage**
or call **1-877-906-1590** Monday through Friday, 8:00 a.m.–10:00 p.m. ET or Saturday, 8:00 a.m.–5:00 p.m. ET

**Listed below are examples of situations that may have led to financial injury. This list does not include all situations.**

- The mortgage balance amount at the time of the foreclosure action was more than you actually owed

- You were doing everything the modification agreement required, but the foreclosure sale still happened

- The foreclosure action occurred while you were protected by bankruptcy

- You requested assistance/modification, submitted complete documents on time, and were waiting for a decision when the foreclosure sale occurred

- Fees charged or mortgage payments were inaccurately calculated, processed, or applied

- The foreclosure action occurred on a mortgage that was obtained before active duty military service began and while on active duty, or within 9 months after the active duty ended

## Section 1: Property Information

PNC Mortgage, a division of PNC Bank, NA, s/b/m to National City Mortgage a division of National City Bank, NA.

Mortgage loan number:
**0005004594**

Reference number:
**0600431921**

Property address:

2251 Buckradon Trail
Loxahatchee, FL 33470







## Section 2: Your Information

First name:             Middle initial:       Last name:

Address:

City:             State:           ZIP:

Phone (day) [ ][ ][ ]-[ ][ ][ ]-[ ][ ][ ][ ]    (evening) [ ][ ][ ]-[ ][ ][ ]-[ ][ ][ ][ ]

Email address:

### PREFERRED MAILING ADDRESS AND TELEPHONE NUMBERS

This information will be used to contact you throughout the Independent Foreclosure Review process.

[ ] Check here if same as above.

Mailing address:

City:             State:           ZIP:

Phone (day) [ ][ ][ ]-[ ][ ][ ]-[ ][ ][ ][ ]    (evening) [ ][ ][ ]-[ ][ ][ ]-[ ][ ][ ][ ]

## Section 3: Background

| | | | |
|---|---|---|---|
| 1. | Was this property your primary residence? | [ ] YES | [ ] NO |
| 2. | Were you under bankruptcy protection or waiting for the final ruling on your bankruptcy case when the foreclosure action happened? | [ ] YES | [ ] NO |
| | If yes, date your bankruptcy case was filed: ___/___/___ (if available) | | |
| 3. | Do you believe that the mortgage balance amount at the time of the foreclosure action was more than the amount you actually owed on the mortgage? | [ ] YES | [ ] NO |
| 4. | Do you believe that the foreclosure action was pursued because your mortgage payments were inaccurately processed or applied? | [ ] YES | [ ] NO |
| 5. | Do you believe you were protected by an insurance policy issued by the servicer or an affiliate that would have made your payments in the event of unemployment, disability, or illness, but did not do so? | [ ] YES | [ ] NO |
| 6. | Did you attempt through the court to have the decision to foreclose on your home reversed? | [ ] YES | [ ] NO |
| | If yes, court date: ___/___/___ (if available) | | |
| 7. | Do you believe you provided all the necessary documents required to obtain payment assistance or a mortgage modification before the foreclosure action occurred? | [ ] YES | [ ] NO |



Page 2 of 5

**Section 3: continued**

8. Was a deficiency judgment entered against you for an amount that includes money that you do not think you have been required to pay?  ☐ YES  ☐ NO

9. Do you believe you were making on-time monthly payments in the required dollar amount on your mortgage or an approved loan modification, trial modification or payment plan, yet the foreclosure action still occurred?  ☐ YES  ☐ NO

10. Do you believe that you were denied a modification when you qualified under the applicable program rules?  ☐ YES  ☐ NO

If possible, provide dates and details if you believe you were wrongly denied assistance:

_____

_____

_____

_____

_____

_____

11. Do you believe you paid fees or charges that you should not have been required to pay in addition to your normally scheduled principal, interest, taxes, and insurance payments?  ☐ YES  ☐ NO

If possible, provide dates, types of fees or charges, and amounts you paid:

_____

_____

_____

_____

**Important note: The questions below are specific to military servicemembers. If you or a co-borrower have not been in the military, go to question 13.**

12. Did you or a co-borrower have your mortgage loan before active duty military service began?  ☐ YES  ☐ NO

If you responded yes to question number 12, complete the following:

Name of servicemember: _____

Date active duty began: ___/___/___

Date active duty ended: ___/___/___  OR  ☐ Still on active duty as of today



## Section 3 (continued)

13. Describe any other way in which you believe you may have been financially injured as a result of the mortgage foreclosure process. You may attach supporting documents.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____



## Section 4: Signature

I am submitting this "Request for Review" form to request an Independent Foreclosure Review of my foreclosure action by an independent consultant. This review is being required under orders by the Office of the Comptroller of the Currency and the Federal Reserve Board to identify customers who may have been financially injured as a result of errors or other deficiencies made during the foreclosure process on their loan. The Independent Review Administrator receiving this "Request for Review" is acting pursuant to the requirements of this order.

I understand that I have the ability to separately submit a "qualified written request" relating to the servicing of my mortgage loan under the Real Estate Settlement Procedures Act. If I wish to do so, I should write separately to my servicer in accordance with the instructions below. I understand that the Independent Review Administrator is not authorized to act as an agent to receive a "qualified written request" on behalf of my servicer.

By signing this document, I certify that all the information is truthful. I understand that knowingly submitting false information may constitute fraud. I affirm that I am the borrower or co-borrower of the mortgage loan on the property noted within this document, and I am authorized by all borrower(s) to have my signature grant permission to proceed with this request for review.

Signature _____     Date _____

Print name _____

**Mail this completed form to:**   **Independent Review Administrator**
                                    **PO Box 2582**
                                    **Faribault, MN 55021-9983**

"Qualified written request" instructions: To submit a "qualified written request," I must write separately to PNC Qualified Written Request, B6-YM07-01-9, P.O. Box 3110, Dayton, OH 45401-3110, which is the exclusive address for the receipt and handling of my request.



Page 5 of 5

**Lisa Fannin**

| | |
|---|---|
| **From:** | FLMD_Filings@flmd.uscourts.gov |
| **Sent:** | Sunday, February 21, 2021 11:59 PM |
| **To:** | FLMD Filings |
| **Subject:** | Document Filing - Ocala Division - 5:20cv00143 |
| **Attachments:** | 11.pdf |

First Name: LILIA
Middle Name:
Last Name: BELKOVA
Bar Number:
Bar State: FL

Case Number: 5:20cv00143
Division: Ocala

Telephone Number: 5618009596
Email Address: DRLILIABELKOVA@GMAIL.COM
Firm Name: LILIA BELKOVA
Street Address: 2251 BUCK RIDGE TRL
Suite Number:
City: LOXAHATCHEE
State: FL
Zip: 33470
Date: 02/21/21
Signature: s/Lilia Belkova Russo
Submitted: 02/21/21 11:58:23 pm
IP Address: 99.10.171.36

Main Document: 11.pdf
Exhibits or Attachments: